# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARIA TORRES AMAYA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-CV-01685-ADA** |
| | § | |
| **THE TJX COMPANIES, INC.** | § | |
| **D/B/A TJ MAXX,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Maria Torres Amaya's motion to remand, Dkt. 8, and all related briefing. After reviewing the filings and the relevant law, the undersigned recommends that the District Judge deny Amaya's motion.

## I.    BACKGROUND

Amaya filed this lawsuit in state court after she tripped over an obstruction at the entryway of a store she believed to be owned and operated by Defendant The TJX Companies Inc. d/b/a TJ Maxx ("TJ Maxx"). Dkt. 1-3, at 4-5. Based on the "significant and permanent" injuries she suffered as a result of the fall, Amaya brought claims against TJ Maxx for negligence, gross negligence, and premises liability. *Id.* at 6-9. In its state-court answer, Marmaxx Operating Corporation ("Marmaxx") indicated that TJ Maxx does not operate or control the retail premises at issue in Amaya's lawsuit; instead, Marmaxx owns and operates that store. *Id.* at 50. Marmaxx then

1

removed this case to federal court, asserting that the parties are diverse and the amount in controversy exceeds $75,000.00. Dkt. 1, at 3-4; 28 U.S.C. §§ 1332, 1441.

Amaya moved to remand, arguing that Marmaxx's removal is deficient because: (1) Marmaxx could not properly remove this case since it was not named as a defendant in Amaya's state-court petition; (2) TJ Maxx did not join or consent to Marmaxx's removal; and (3) Marmaxx's notice of removal was untimely since it was not filed within 30 days of Amaya's service of process on TJ Maxx. Dkt. 8, at 3-5. Marmaxx responds that its removal was timely based on when it filed its answer, and that it had the authority to remove this case as the proper defendant in this lawsuit. Dkt. 9, at 4-7. In reply, Amaya maintains that Marmaxx was not named in this lawsuit and thus improperly removed this case from state court. Dkt. 11, at 2-5.

## II.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction possessing "only that power authorized by Constitution and statute." *Gunn*, 568 U.S. at 256 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). Any ambiguities should be strictly construed in favor of remand. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A case may be removed pursuant to 28 U.S.C. § 1332 if there is "complete diversity" of citizenship, and the amount in controversy is greater than $75,000 exclusive of interests and costs. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). To allege "complete diversity" in the removal context, a defendant must show that "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *SXSW, LLC v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023). A case may also be removed under 28 U.S.C. § 1331 if it presents a federal question, meaning that the question presented "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, removal jurisdiction should be determined based on the state-court complaint at the time of removal. *Valdez v. State Farm Mut. Auto. Ins. Co.*, No. 1:23-cv-476-RP, 2023 WL 3721203, at *1 (W.D. Tex. May 30, 2023) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). However, "courts may consider information submitted after removal if it clarifies the jurisdictional facts as they existed at the time of removal." *Edwards v. Mathews*, No. 3:23-CV-0857-B, 2023 WL 4424268, at *3 n.4 (N.D. Tex. July 10, 2023) (citing *Cavallini*, 44 F.3d at 265).

### III.    DISCUSSION

#### A.    Marmaxx is the proper defendant in this lawsuit and TJ Maxx did not need to join or consent to removal.

Amaya first moved to remand based on the related arguments that Marmaxx may not remove this lawsuit because Amaya did not name it as a defendant in the state-court case and Marmaxx could not remove this case without TJ Maxx's consent.

3

Dkt. 8, at 3-4. Marmaxx responds that it is in fact the proper defendant here because TJ Maxx merged into Marmaxx in 1996, and as such, TJ Maxx does not exist as a separate entity that could consent to removal. Dkt. 9, at 4-7. In reply, Amaya contends that Marmaxx failed to verify its state-court answer with an affidavit, as required to allege "a defect of parties" under state law, and as such, it never became a defendant in this lawsuit. Dkt. 11, at 2 (citing Tex. R. Civ. P. 93(4), (14)). Based on a screenshot of its website, Amaya insists that TJ Maxx is in fact a separate entity or that "[a]t minimum, an ambiguity exists as to whether" TJ Maxx is an entity such that remand is proper. *Id.* at 4-5.

The record demonstrates that TJ Maxx merged with Marmaxx, Marmaxx operates the at-issue store and that no separate entity named TJ Maxx exists in Texas. Dkt. 9-1 (tenant-lender agreement between Marmaxx and New York Life Insurance Company for at-issue retail store); 9-2 (entity name search from Texas Secretary of State demonstrating that TJ Maxx entity has been "terminated" and that the name is "inactive"); 9-7 (business organization inquiry from Texas Secretary of State showing that Marmaxx took over operation of TJ Maxx in Texas); 9-8 (assumed name certificate from Texas Secretary of State revealing that Marmaxx operates under the assumed name TJ Maxx). Amaya's competing evidence, which consists of a copy of a canceled trademark for the name TJ Maxx showing that TJ Maxx owned the trademark until 2013 and an image of the retail store showing that TJ Maxx is the store's name, are insufficient to overcome the overwhelming contrary evidence

4

submitted by Marmaxx. Dkts. 8-5; 8-6.[1] Indeed, Amaya's exhibits do not show that TJ Maxx was an entity in existence at the time of removal, nor has she pointed to any authority suggesting that courts may determine an entity's existence or citizenship based on canceled trademarks or images of retail stores in the face of evidence from the state government demonstrating the opposite. Dkts. 8, at 3-4; 11, at 2-5. The undersigned resolves the disputed facts as to Marmaxx's ownership of the retail store and TJ Maxx's dissolution in Marmaxx's favor. *Edwards*, 2023 WL 4424268, at *3 n.4 (citing *Cavallini*, 44 F.3d at 265); *see also State of Tex. v. All. Emp. Leasing Corp.*, 797 F. Supp. 542, 544 (N.D. Tex. 1992) (noting that "a district court will resolve all material issues of fact raised by a Motion to Remand in assessing the propriety of removal in a given action.").

Because the record demonstrates that Marmaxx is the owner and operator of the at-issue retail store and that TJ Maxx does not separately exist, Marmaxx properly removed this lawsuit. Contrary to Amaya's insistence, then, TJ Maxx is a nominal party not required to join or consent to removal. *Petri v. Peregrine Oil & Gas, LP*, No. CIV.A. H-09-3994, 2010 WL 2991124, at *3 (S.D. Tex. July 26, 2010) (noting exception to general rule that all defendants must join in removal where "a defendant is merely a nominal, unnecessary or formal party-defendant"); *Cornish v. Tex. Bd. of Crim. Just. Off. of the Inspector Gen.*, 141 F. App'x 298, 299 (5th Cir. 2005) ("A Texas defendant may only be sued if it has an actual or legal existence." (citing *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995))). Amaya's final argument,

---

[1] Amaya also included in her reply images from TJ Maxx's website showing that the at-issue store location is displayed on the "store locator" function of the website. Dkt. 11, at 3-4.

raised for the first time in her reply, that Marmaxx's appearance in state court was ineffective because its answer was not verified in compliance with Texas Rule of Civil Procedure 93, is also unpersuasive given that "Federal Rule 11 establishes a general rule that pleadings need not be verified" and state rules requiring verified pleadings, such as Texas Rule of Civil Procedure 93, "are wholly inapposite" in federal court. Dkt. 11, at 2; *Sneed Shipbuilding, Inc. v. Spanier Marine Corp.*, 125 F.R.D. 438, 442 (E.D. Tex. 1989) (citing *Follenfant v. Rogers*, 359 F.2d 30, 32 (5th Cir. 1966)). Amaya's motion to remand on the basis that Marmaxx is not a proper defendant or that TJ Maxx did not consent to removal should be denied.

> **B.    Marmaxx's notice of removal was timely filed.**

Amaya also argued that Marmaxx's notice of removal was untimely because it was filed more than 30 days after Amaya served TJ Maxx. Dkt. 8, at 5. Marmaxx responds that the deadline to remove this lawsuit was 30 days after Marmaxx filed its answer, not 30 days after Amaya served TJ Maxx. Dkt. 9, at 7. In reply, Amaya insists that the 30-day deadline for removal was triggered by her substitute service on TJ Maxx through its last known agent via certified mail. Dkts. 11, at 5; 8-2; 8-3.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Under section 1446(b), a defendant's deadline to remove a case is triggered by (1) "simultaneous service of the summons and complaint," or (2) "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint

6

unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). "If a defendant is never properly served, the thirty-day limit for filing a notice of removal does not commence to run." *Shakouri v. Davis*, 923 F.3d 407, 409-10 (5th Cir. 2019). For a defendant that has not been properly served, the 30-day period begins on the date on which the defendant filed an answer in state court. *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841, 845-46 (W.D. Tex. 2022) ("[T]he Court concludes that for an unserved or improperly served defendant, filing an answer in state court commences the running of the thirty-day removal period under Section 1446(b).").

Although Amaya served TJ Maxx through substitute service, she did not allege or argue that she ever served Marmaxx. Dkt. 8, at 5 (arguing that "[t]he named defendant was deemed served as of July 7, 2025, when the return of service was filed with the state court"); 8-3 (affidavit of service for TJ Maxx). Given that Marmaxx was never properly served with Amaya's state-court petition, the 30-day timeframe for it to remove this case did not commence to run until Marmaxx filed its answer in state court on September 23, 2025. Dkt. 1-3, at 50-58. Marmaxx removed this case within 30 days of filing its answer in state court. Dkts. 1-3, at 50-58; 1 (filed October 20, 2025); *see also Esquivel*, 578 F. Supp. 3d at 846 (finding removal by unserved defendant timely where notice of removal was filed within 30 days of defendant having filed answer in state court). The undersigned finds that Marmaxx's notice of removal was timely filed.

## IV.    RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Amaya's motion to remand, Dkt. 8.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 5, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE